**SWEET JAMES, LLP**
STEVEN D. BARIC (SBN 200066)
4220 Von Karman Avenue, Suite 200
Newport Beach, CA 92660
Tel:   (949) 644-1000
Fax:   (949) 644-1005
Baric@SweetJames.com

Attorneys for Plaintiff,
ERIC MARTINEZ FELIX

## UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MARTINEZ FELIX, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO; COUNTY OF FRESNO; FRESNO COUNTY SHERIFF'S DEPARTMENT; SHERIFF EVAN MICHAEL LEONA; SHERIFF JEFFREY N MORSE; SHERIFF JACOB ROBERT WOESNER; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR VIOLATION OF:**<br>1. **UNLAWFUL DETENTION (42 USC § 1983)**<br>2. **ARREST WITHOUT PROBABLE CAUSE (42 USC § 1983)**<br>3. **FALSE IMPRISONMENT (42 USC § 1983)**<br>4. **MALICIOUS PROSECUTION (42 USC § 1983)**<br>5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>6. **NEGLIGENCE**<br>7. **FAILURE TO PROPERLY SCREEN AND HIRE**<br>8. **FAILURE TO SUPERVISE AND DISCIPLINE**<br>9. **FAILURE TO PROPERLY TRAIN**<br>10. **MONELL LIABILITY FOR A PATTERN OF FALSE ARREST**<br>11. **VIOLATION OF CALIFORNIA CIVIL CODE §52.1**<br>12. **PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff ERIC MARTINEZ FELIX ("FELIX"), by through his attorneys of record, SWEET JAMES, LLC, allege and complain as follows:

## INTRODUCTION

On July 6, 2020, Plaintiff ERIC MARTINEZ FELIX, was at his residence located at: 3409 E Clinton Avenue, Fresno, CA 93703, when his neighbor, KEVIN POPE ("POPE"), pulled out a butcher knife on him after having a verbal altercation. Plaintiff's then fiancée, MARGARITA REYES ("REYES"), then called 911 for help. SHERIFFS EVAN MICHAEL LEONA, JEFFREY N MORSE and JACOB ROBERT WOESNER were dispatched and arrived at the scene. SHERIFFS then spoke with REYES as she told them about the altercation between POPE and FELIX. Shortly thereafter, SHERIFFS deliberately disregarded and violated Plaintiff FELIX's rights under 42 U.S.C. §1983, Title VI of the Civil Rights Act of 1964 and California tort law. SHERIFFS had proceeded to question FELIX and asked to search him. When FELIX declined to be searched SHERIFF LEONA then ordered SHERIFFS MORSE and WOESNER to use unwarranted and excessive force and took FELIX into custody. FELIX sustained physical and psychological injuries as a result from SHERIFFS punching and tasing him. Soon after backup was dispatched to the scene and SHERIFF AARON MURPHY BROCHTRUP arrived to assist in apprehension of FELIX. The incident was witnessed by multiple witnesses and video footage was also captured.

## PARTIES

1. Plaintiff, ERIC MARTINEZ FELIX (hereinafter "PLAINTIFF") is an adult residing in the county of Fresno, state of California.

2. Plaintiff is informed and believes and thereon alleges that, THE COUNTY OF FRESNO ("COF") and the FRESNO COUNTY SHERIFF'S DEPARTMENT ("FCSD"), and its sheriffs, SHERIFF LEONA, SHERIFF BROCHTRUP, SHERIFF WOESNER and SHERIFF MORSE, were acting under apparent authority, vicarious liability, and/or *respondent superior,* and/or in conspiracy with THE COUNTY OF FRESNO.

3. Plaintiff is informed and believes and thereon alleges that Defendant, SHERIFF EVAN MICHAEL LEONA ("LEONA") was a resident in the county of Fresno, State of California, and was employed at the time of the incident herein by the Defendant, FCSD.

4. Plaintiff is informed and believes and thereon alleges that Defendant, SHERIFF JEFFREY N MORSE ("MORSE") was a resident in the county of Fresno, State of California, and was employed at the time of the incident herein by the Defendant, FCSD.

5. Plaintiff is informed and believes and thereon alleges that Defendant, SHERIFF JACOB ROBERT WOESNER ("WOESNER") was a resident in the county of Fresno, State of California, and was employed at the time of the incident herein by the Defendant, FCSD.

6. Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 10, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

## JURISDICTION & VENUE

7. Jurisdiction is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3) and (4), et.seq.

8. This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. §1367(a).

9. Venue is proper in the Eastern District of California because the acts or omissions which form the basis of the Plaintiff's claim occurred in Fresno, CA within the Eastern District. Plaintiff has complied with Government Code §§800 *et seq.*

## FACTUAL ALLEGATIONS

10. On July 6, 2020 Plaintiff FELIX waited at his home for help to be dispatched by 911 because of an altercation with his neighbor.

11. Upon arrival, SHERIFFS LEON, MORSE and WOESNER question REYES and FELIX, but fail to question POPE.

12. Contrary to the overwhelming evidence of witnesses and video recordings of the event, FELIX is detained by FRESNO COUNTY SHERIFF'S DEPARTMENT ("FCSD") while POPE was free.

13. FELIX was the victim of an attack made by SHERIFFS LEON, MORSE and WOESNER.

14. The FCSD failed to perform an impartial and unbiased investigation whereby the evidence would have revealed that FELIX was victimized by POPE, who brandished a knife after having a verbal altercation with FELIX.

15. The FCSD failed to consider witness statements of surrounding neighbors, numerous video recordings, wherein the FCSD should have found and revealed that FELIX was intimidated and wrongfully detained by SHERIFFS, inasmuch that SHERIFFS also used excessive and repeated force, causing bodily harm to FELIX, whereby proving that there was overwhelming evidence to conclude that SHERIFFS LEON, MORSE and WOESNER committed crimes upon FELIX to which authorities should have been prosecuted.

16. After the viral publication of video recording of the incident that occurred on July 6, 2020, the FCSD failed in prosecuting and/or investigating the events that lead to the injuries that FELIX sustained as a result of misconduct from SHERIFFS LEON, MORSE and WOESNER.

17. The detention and arrest by FCSD of FELIX was unreasonable and not justified.

18. The Government Tort Claims have been presented the Government entities and the 45 days has lapsed and/or a rejection has been received.

## FIRST CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C.§1983) Unlawful Stop and Detention against Defendants: Leon, Morse, Woesner and DOES 1-10 Inclusive)**

19. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

20. 42 U.S.C.§1983 provides in part:

Every person who, under color of any statue, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

21. Plaintiff had firmly established right under the Fourth Amendment to be free from unreasonable seizure.

22. A detention without reasonable suspicion that a citizen has committed a crime violates the Fourth Amendment prohibition on unreasonable searches and seizure.

23. An officer may stop and briefly detain a citizen based on a reasonable suspicion of involvement in a crime

24. Plaintiff has committed no criminal offense when Defendants LEON, MORSE and WOESNER entered the front yard of the residence and interrogated him.

25. Plaintiff was severely struck in the face while handcuffed.

## SECOND CAUSE OF ACTION

(Civil Rights Action (42 U.S.C.§1983) False Arrest against Defendants: Leon, Morse, Woesner and DOES 1-10 Inclusive)

26. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

27. Plaintiff had a firmly established right under the Fourth Amendment to be free from arrest without probable cause. Defendants arrested Plaintiff FELIX without a warrant and probable cause and even though he had committed no crime.

28. Defendants were at this time performing their duties as officers for the defendant CITY OF FRESNO.

29. During the relevant period, Defendant were acting under color and pretense of law, to wit: under color of the statues, ordinance, regulations, customs and usages of the State of California and CITY OF FRESNO.

30. The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of his right, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

31. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of the Defendant and suffered injuries as a result of the Defendants' actions.

32. Plaintiff is entitled to compensatory damages, attorney's fees under 42 U.S.C.§1988, and all applicable law, and such additional relief as the Court deems just.

## THIRD CAUSE OF ACTION

### (Civil Rights Action (42 U.S.C.§1983) False Imprisonment against Defendants: Leon, Morse, Woesner and DOES 1-10 Inclusive)

33. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

34. Defendants unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that they had committed no crimes.

35. False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.

36. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of California Civil Code §3294 et seq. and punitive damages should be assessed against each defendant for the purpose of punishment and for the sake of example.

37. As a result of Defendants actions, Plaintiff suffered damages in the amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Civil Rights Action (42 U.S.C.§1983) Malicious Prosecution against Defendants: Leon, Morse, Woesner and DOES 1-10 Inclusive)

38. Plaintiff alleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

39. Defendants LEON, MORSE and WOESNER intentionally and maliciously instituted a legal action against Plaintiff without probable cause.

40. Defendants acted with reckless disregard of the law and of the legal rights of Plaintiff in causing a criminal proceeding to begin.

41. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal act of Defendants and suffered injuries as a result of the Defendants' actions.

42. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C.§1988, and all applicable law and such additional relief as the Court deems just.

///

## FIFTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress against Defendants: Leon, Morse, Woesner and DOES 1-10 Inclusive)**

43. Plaintiff alleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

44. By engaging in the acts alleged herein, Defendants MICHAEL BRADLEY, MAXWELL ANDERSON and CHRISTOPHER JENSEN engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

45. As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

46. The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

## SIX CAUSE OF ACTION

**Negligence against All Defendants**

47. Plaintiff alleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

48. Defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to another.

49. By engaging in the acts alleged herein, Defendants LEON, MORSE and WOESNER and DOES 1 to 10 failed to act with ordinary care and breached their duty of care owed to Plaintiff.

50. Defendant CITY OF FRESNO failed to act with ordinary care in failing to properly train and supervise their officers with respect to proper procedures on detention and arrest of citizens; the use of force in effectuating arrest; and incarceration Plaintiff without probable cause.

51. As a direct, proximate and foreseeable result of defendant's breach of their duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

///

///

## SEVENTH CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. §1983) Against Defendant: CITY OF FRESNO, his agents, servants and employees and DOES 1-10 Inclusive For Failure to Properly Screen and Hire)**

52. Plaintiff alleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

53. The defendant CITY OF FRESNO and his agents, servants and employees failed to adequately and properly screen and hire the defendant employees.

54. The failure of these defendants to properly screen and hire the defendant officers as a matter of policy, customs and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of plaintiff and dome with conscious disregard for the danger or harm and injury to the plaintiff and other similarly situated.

55. Due to the acts of the defendant, the failure to properly screen and hire officers and the continued employment of the defendant officers present a clear and present danger to the residence of the County of Fresno.

56. The lack of adequate screening and hiring practices by the defendants evince deliberate indifference to the rights of plaintiffs and others in their position.

57. These hiring practices led to the employment of Defendants LEON, MORSE and WOESNER and caused the harms suffered by the plaintiff in this case.

58. As a result of Defendants LEON, MORSE and WOESNER actions, Plaintiff suffered physical and psychological injuries.

## EIGHT CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. §1983) For Failure to Supervise and Discipline Against Defendant: CITY OF FRESNO, his agents, servants and employees and DOES 1-10 Inclusive)**

59. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

60. City of FRESNO, as a matter of custom, practice and policy, failed to supervise sheriff officers to prevent, deter and punish the unconstitutional and excessive use of force.

61. Upon information and belief, the defendant knew or should have known of the dangerous propensities of Defendants LEON, MORSE and WOESNER but took no steps to supervise them, correct their abuse of authority, or discourage their unlawful use of authority.

62. To the contrary, defendant condoned and acquiesced in the abusive behavior of officers by refusing to retrain them, discipline them, or correct their abusive behavior.

63. Defendants LEON, MORSE and WOESNER were not disciplined for their use of force on Plaintiff FELIX.

64. Defendant was, or should have been aware that the policy regarding supervision and discipline of officers who violated the civil rights of the citizens and commit assault and battery was so inadequate that it was obvious that a failure to correct it would result in further incidents of dangerous and lawless conduct perpetrated by their officers.

65. The constitutionally deficient investigation and lack of discipline was done with deliberate indifference to the rights of plaintiffs and others in their position.

66. The lack of adequate supervision and discipline caused plaintiff damages.

67. As a result of Defendant' actions, Plaintiff suffered physical and psychological injuries.

### NINTH CAUSE OF ACTION

**(Civil Rights Action (42 U.S.C. §1983) For Failure to Properly Train Against Defendant: CITY OF FRESNO, his agents, servants and employees and DOES 1-10 Inclusive)**

68. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

69. The defendant CITY OF FRESNO, as a matter of custom, practice and policy, failed to maintain adequate and proper training as to the constitutional rights of citizens and arrestees; to prevent the consistent and systematic use of excessive force; and to prevent extra judicial punishment by officers.

70. Defendant failed to provide adequate training to officers on the proper protocol and procedure on detention and arrest of citizens; the use of force in effectuating arrest.

71. Therefore, this defendant, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

72. The failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of plaintiffs and others in their position.

73. The constitutionally infirm lack of adequate training as to the officers in this case caused plaintiffs' damages.

74. As a result of Defendant' actions, Plaintiff suffered physical and psychological injuries.

### TENTH CAUSE OF ACTION

**(Monell Municipal Liability Civil Rights Action (42 U.S.C.§1983) Against Defendant: CITYOF FRESNO, his agents, servants and employees and DOES 1-10 Inclusive Policy of Use of Excessive Force)**

75. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

76. Defendant was deliberately indifferent to the widespread misconduct on the part of CITY OF FRESNO sheriff officers in detaining citizens who had committed no crimes.

77. Defendant was deliberately indifferent to the widespread misconduct on the part of CITY OF FRESNO sheriff officers in the application of unnecessary and excessive use of force.

78. During the relevant period, defendant sheriff officers LEON, MORSE and WOESNER and DOES 1 to 10, were acting pursuant the policy of defendant CITY OF FRESNO.

79. The defendant was deliberately indifferent to the right of Plaintiff FELIX to be free from, and protected from, harm by the brutality of sheriff officers and to be secure in their bodily integrity.

80. As a direct result, plaintiff was battered, intentionally and negligently inflicted with emotional distress and their Constitutional rights were violated.

81. The unlawful and illegal conduct of the defendant deprived plaintiff of the rights, privileges and immunities secured to them by the Constitutions of the United States and of the State of California.

82. As a direct, proximate and foreseeable result, Plaintiff suffered damages in an amount according to proof at the time of trial.

///

## ELEVENTH CAUSE OF ACTION

### (California Civil Rights Violation (Section 52.1) against all defendants)

83. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

84. Plaintiff had a firmly established right to be free from excessive force under the Fourth Amendment through the Fourteenth Amendment to the United States Constitution and the equivalent provisions of the California Constitution.

85. The California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

86. The Defendants interfered with Plaintiff's rights under the Fourth Amendment of the United States Constitution and the equivalent provisions of the state Constitution by the use of force alleged above.

87. This interference with Plaintiff's rights was perpetrated by the Defendants in violation of California Civil Code§ 52.1 and their right under the Fourth and Fourteenth Amendments to be free from excessive force under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution and the California Constitution.

88. Due to the violation of Plaintiff's rights by all Defendants, Plaintiff suffered economic damages and non-economic damages, including, but not limited to, emotional distress, pain and suffering, medical expenses and fear caused by the acts complained of herein according to proof at the time of trial.

92. Plaintiff is also entitled to the statutory civil penalties set fo1th in Civil Code§ 52.1, attorneys' fees and costs of suit incurred herein.

93. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294 et seq. and punitive damages should be assessed against each non-municipal defendant for the purpose of punishment and for the sake of example. Defendant

CITY OF FRESNO is liable for the acts of its officers as they have agreed with and or ratified the acts.

### TWELFTH CAUSE OF ACTION

### (INJUNCTIVE RELIEF)

94. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein by this reference.

95. Plaintiff is informed and believes and thereon alleges that, unless enjoined, defendants will continue to engage in the unlawful acts and in the policies and practices described above, in violation of the legal and constitutional rights of the plaintiff and others who are similarly situated.

96. Plaintiff faces the real and immediate threat of repeated and irreparable injury and continuing, present adverse effects as a result of the unlawful misconduct, policies and practices of the defendants. Plaintiff has no adequate and complete remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for a judgment as follows:

1. Directing Defendants to set forth policies and procedures as may be necessary and proper with respect to unlawful arrest and incarceration without probable cause.

2. Entering judgment for compensatory general and special damages in an amount in accordance with proof.

3. Entering judgment for exemplary damages against each of the individual defendants in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct.

4. Awarding reasonable attorney's fees, expenses, and costs of suit.

5. Granting such other and further relief as the Court deems proper.

///
///
///
///
///

## DEMAND FOR JURY TRIAL

Plaintiff ERIC MARTINEZ FELIX demands a jury trial.

DATED: September 20, 2021

SWEET JAMES, LLP

By: _____
Steven D. Baric
Attorneys for Plaintiff,
ERIC MARTINEZ FELIX